ASH

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph F. Esposito,<br><br>                     Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>                     Defendants. | No.   CV 22-00815-PHX-JAT (ESW)<br><br>**ORDER** |

On May 12, 2022, Plaintiff Ralph F. Esposito, who is confined in the Arizona State Prison Complex-Tucson, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  By Order dated May 23, 2022, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days in which to either pay the filing fees or to submit a complete Application to Proceed In Forma Pauperis.

On June 6, 2022, Plaintiff filed a new Application to Proceed In Forma Pauperis and a First Amended Complaint.  By Order dated June 28, 2022, the Court foundPlaintiff's Application to Proceed indicated he had sufficient monies to pay the filing fees for this action, and gave him 30 days to do so.  On July 13, 2022, Plaintiff paid the filing fees for this action in full.  Plaintiff subsequently filed a Motion for Preliminary Injunction.  In a September 28, 2022 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim, and denied the Motion for Preliminary Injunction.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On October 24, 2022, Plaintiff filed a Second Amended Complaint. By Order dated December 19, 2022, the Court dismissed the Second Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a third amended complaint that cured the deficiencies identified in the Order.

On January 27, 2023, Plaintiff filed a Third Amended Complaint. Subsequently, Plaintiff filed a Motion to Amend (Doc. 16), and lodged a Fourth Amended Complaint (Doc. 17).[1] The Court will grant the Motion to Amend, but will dismiss the Fourth Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for

---

[1] Plaintiff labels the Fourth Amended Complaint as the "Third Amended Complaint," and, indeed, it appears that the Fourth Amended Complaint is largely identical to the Third Amended Complaint.

relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**II.     Fourth Amended Complaint**

The Court will grant Plaintiff's Motion to Amend. Fed. R. Civ. P. 15. The Fourth Amended Complaint supersedes the Third Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). In his three-count Fourth Amended Complaint, Plaintiff names former Arizona Department of Corrections, Rehabilitation, and Reentry (ADC) Director David Shinn, and Correctional Officers (COs) J. Saenz and Erica Munoz. Plaintiff seeks declaratory, injunctive, and monetary relief, as well as punitive damages.

Plaintiff's claims arise from a common core of operative facts, summarized as follows: In September 2020, Defendant Munoz designated Plaintiff as a sex offender for ADC classification purposes. As a result, Plaintiff was classified as a higher security risk, and, as a result of the higher security classification, lost his accumulated good time credits (GTCs). Defendant Shinn issued the reclassification order and Defendant Saenz delivered the order to Plaintiff. Plaintiff was not provided any way to challenge the reclassification. Plaintiff also alleges that as a result of the increased security classification, he was rehoused on a higher security yard, and "after weeks passed [Plaintiff] was gang assaulted by higher custody inmates."

Accordingly, Plaintiff alleges two claims related to disciplinary proceedings, (Counts One and Two) relating to his reclassification and resultant the loss of GTCs, and a threat-to-safety claim (Count Three) related to his assault after being transferred to a higher security yard.

### III. Failure to State a Claim

#### A. Counts One and Two

As the Court discussed in its prior Orders, "a state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002). Habeas corpus is the proper proceeding in which to challenge the legality or duration of confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In contrast, a civil rights action is the proper method for challenging the conditions of a prisoner's confinement. *Id.* (citing *Preiser*, 411 U.S. at 498-99); *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) (the proper remedy for complaints challenging conditions of confinement is a civil rights action under 42 U.S.C. § 1983).

Here, Plaintiff's claim, if decided in his favor, would either invalidate or imply the invalidity of the deprivation of his GTCs, and his claim is therefore barred. If Plaintiff seeks the reinstatement of his GTCs, his sole avenue for such relief in federal court is via a petition for a writ of habeas corpus. Therefore, the Court will dismiss Counts One and Two.

#### B. Count Three

To state a claim for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Id.* at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must

also [have] draw[n] the inference." *Id*. Thus, Plaintiff must allege facts to support when and how any particular defendant knew of a substantial risk of harm to Plaintiff and that the defendant disregarded or failed to take steps to protect Plaintiff.

Here, Plaintiff has failed to allege any facts to support that Munoz was aware Plaintiff was likely to be assaulted if he was housed on a higher security yard. Indeed, Plaintiff does not allege facts to support that Munoz even knew Plaintiff would be rehoused in a higher security yard, or that Munoz was involved in the decision of where to house Plaintiff. Plaintiff makes no allegations against any other Defendants in Count Three. Accordingly, Plaintiff has failed to state a threat-to-safety claim in Count Three, and it will thus be dismissed.

**IV.  Dismissal without Leave to Amend**

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made five efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Fourth Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)  Plaintiff's Motion to Amend (Doc. 16) is **granted**. The Clerk of Court is directed to **file** the proposed Fourth Amended Complaint currently lodged at Doc. 17.

(2)  The Fourth Amended Complaint (Doc. 17) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 22nd day of May, 2023.

James A. Teilborg
Senior United States District Judge